210 F.3d 1098 (9th Cir. 2000)
 KDM, a minor, by and through WJM, his father and next friend,Plaintiff-Appellant,
v.
REEDSPORT SCHOOL DISTRICT;NORMA PAULUS, in her official capacity as Oregon Superintendent of Public Instruction,Defendants-Appellees.
KDM, a minor, by and through WJM, his father and next friend,Plaintiff-Appellant-Cross-Appellee,
v.
REEDSPORT SCHOOL DISTRICT,Defendant,
and NORMA PAULUS, in her official capacity as Oregon Superintendent of Public Instruction, Defendant-Appellee-Cross-Appellant.
 Nos. 98-35186, 98-35187
 UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT
 April 25, 2000
 
 1
 Before: Andrew J. Kleinfeld and Michael Daly Hawkins, Circuit Judges, and William W Schwarzer,[1] Senior District Judge.
 
 Order; Dissent by Judge O'Scannlain
 Prior report: 196 F.3d 1046
 ORDER
 
 2
 Judge Kleinfeld voted to grant the petition for rehearing and the petition for rehearing en banc. Judge Hawkins voted to deny the petition for rehearing and the petition for rehearing en banc. Judge Schwarzer voted to deny the petition for rehearing and recommended denial of the petition for rehearing en banc.
 
 
 3
 The full court has been advised of the petition for rehearing en banc. An active judge requested a vote on whether to rehear the matter en banc. The matter failed to receive a majority of the votes of the nonrecused active judges in favor of en banc consideration. Fed. R. App. P. 35(b).
 
 
 4
 The petition for rehearing and the petition for rehearing en banc are denied.
 
 
 
 Notes:
 
 
 [1]
 The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.
 
 
 
 5
 O'SCANNLAIN, Circuit Judge, with whom KOZINSKI, T.G. NELSON, KLEINFELD, TASHIMA, and WARDLAW, Circuit Judges, join, dissenting from denial of rehearing en banc:
 
 
 6
 Judge Kleinfeld's excellent opinion explains in detail the errors in the panel majority's analysis and its fundamental inconsistency with Supreme Court precedent. I write only to observe that the panel majority's opinion, in crafting a de minimis exception to the Free Exercise Clause's requirement of neutrality toward religion, contributes to the growing confusion among the lower courts over the demands of the First Amendment. See Columbia Union College v. Clark, 119 S. Ct. 2357, 2358 (1999) (Thomas, J., dissenting from the denial of certiorari). It is only a matter of time before the Supreme Court confronts this confusion to make clear what should have already been clear to a faithful reader of Church of Lukumi Babalu Aye, Inc. v. City of Hialeah, 508 U.S. 520 (1993). While a facially neutral law may be unconstitutional if its true object "is to infringe upon or restrict practices because of their religious motivation," id. at 533, a law that is non-neutral on its face, like the Oregon regulation at issue here, triggers strict (and almost always fatal) scrutiny -even in the absence of extrinsic evidence suggesting that the law was the result of anti-religious bigotry or animus.
 
 
 7
 It cannot be denied that this case, which simultaneously implicates the Free Exercise, Establishment, and Equal Protection Clauses, involves questions of extraordinary importance. Because the panel majority's opinion misreads Supreme Court precedent and is inconsistent with wellreasoned decisions of our sister circuits, I respectfully dissent from the court's denial of rehearing en banc.